UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.V. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | No. 2:15-cv-0889-KJM-AC<br><br><br>ORDER |

Six minor plaintiffs of Hispanic heritage allege they were denied entry into the Sacramento City Unified School District's Gifted and Talented Education ("GATE") Program and faced race-based peer harassment. The parties settled and plaintiffs now move to approve the settlement. Mot., ECF No. 43; Mem. ECF No. 44. The court continued the hearing to August 10, 2018 in order to obtain additional briefing on whether the proposed settlement is in the best interest of the minors. June 25, 2018 Min. Order, ECF No. 47. Plaintiffs are ORDERED to file supporting information by July 27, 2018 that addresses the court's concerns highlighted below.

I.    BACKGROUND

The minor plaintiffs, referred to here as T.V., A.V., I.M., D.S., J.S. and A.S., are all proceeding through guardians ad litem. In April 2018, the parties participated in a full day of mediation before Carolyn G. Burnette, during which they reached a proposed $100,000 settlement. *See* April 26, 2018 Min. Order, ECF No. 42 (acknowledging notice of settlement).

1

The proposed settlement is to be divided among plaintiffs based on their relative harm. Mem. at 3. D.S. would receive $1,000; A.S. would receive $2,000; D.S. would receive $11,000; I.M. and his parents would receive $43,000, split evenly between them; and T.V. and A.V. would each receive $14,333.33, and their parents would also receive $14.333.33. *Id.* at 3-4. Plaintiffs explain this partition is based on the relative injury each plaintiff described in his or her deposition. *Id.* at 2-4. The settlement agreement also contemplates an attorneys' fee award totaling $31,746.15, *id.* at 5, though plaintiffs' proposed order filed on the same day proposes an attorneys' fee award of $31,700.02. *See* Proposed Order, ECF No. 46.

II. LEGAL STANDARD

District courts have a duty to protect the interests of minor or incompetent litigants. *See* Fed. R. Civ. P. 17(c)(2) (requiring a district to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). This special duty requires a district court, under the circumstances of this matter, to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."). Specifically, district courts must assess whether the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. This fairness evaluation focuses only on what the minor plaintiff receives, without regard to what adult plaintiffs and attorneys might receive. *Id.* at 1182.

III. DISCUSSION

On the current record, the court cannot determine whether the proposed net settlement sums are fair and reasonable. Although plaintiffs explain the individual awards are based on the relative injury each plaintiff described in his or her deposition, the motion includes no record citations for the court to verify the plaintiffs' characterization. *See* Mem. at 2-4. Nor do plaintiffs include any case law to justify the proposed settlement sums. *See Robidoux*, 638

F.3d at 1182.  Additionally, plaintiffs have not explained how the attorneys' fee award would affect each plaintiff's proposed award: The individual awards total $100,000, leaving nothing remaining of the lump sum settlement amount to satisfy the proposed fee award.  *See* Mem. at 3-5.  Also, plaintiffs' proposed order is inconsistent with plaintiffs' motion: It appears to lower each individual award to account for the attorneys' fee award, but does not sufficiently explain the discrepancy.  *Compare* Mem. at 3-4 (listing each proposed award), *with* Proposed Order at 2 (introducing different figures).  Finally, the declaration supporting the motion focuses exclusively on the attorneys' fee award, without once mentioning the best interests of the minors.  *See* Jambeck Decl., ECF No. 45, ¶¶ 1-7.

Without more, the court cannot confirm that the settlement is in the best interests of the minors.  Accordingly, plaintiffs are ORDERED to supplement their motion with additional details and citations addressing these concerns by July 27, 2018, with the motion hearing now set for August 10, 2018.  ECF No. 47.

IT IS SO ORDERED.

DATED: July 5, 2018.

_____
UNITED STATES DISTRICT JUDGE