UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.V. and A.V. by and through their guardians, Will Valerio and Jackie Valerio, and Will Valerio and Jack Valerio, individually, D.S. by and through her guardian Arthur Aleman, I.M. by and through her guardians, Jorge Maranon and Isabella Maranon, Jorge Maranon and Isabella Maranon individually, D.S. by and through his guardians Adrian Sanchez and Stephanie Sanchez, J.S. by and through David Schnetz and Amy Schnetz, A.S. by and through her guardian Stacey Swift,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | No. 2:15-cv-00889-KJM-AC<br><br>ORDER |

Plaintiffs I.M., T.V. and A.V. have filed a request to seal its ex parte application. For the foregoing reasons, the court GRANTS the request in part and DENIES it in part.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records

is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

    The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."

    Plaintiffs argue that it is necessary to seal the ex parte application at issue because it includes the full names of minors. *See* L.R. 140. Plaintiffs have not met their burden of showing why the applications must be sealed rather than filed publicly with the minors' names redacted.

    The clerk of the court is DIRECTED to file the ex parte application under seal for 7 days only. The request to seal for a period longer than 7 days is DENIED. The court authorizes plaintiffs to file the ex parte application with the minors' names redacted, should they choose to

re-file the application on the public docket.  *See* L.R. 140 (requiring authorization from the court for redactions).

Upon filing of the redacted application, the court will issue the requested orders, redacting full names from the orders and filing under seal orders showing the full names.

IT IS SO ORDERED.

DATED:  March 15 2019.

_____
UNITED STATES DISTRICT JUDGE